IN THE UNITED STATES DISTRICT COURT
WESTERN TEXAS OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. A-08-CR-084-SS |
| | § | |
| RICHARD SALAZAR | § | |

**MOTION TO SUPPRESS
FRUITS OF WARRANTLESS SEARCH AND SEIZURE**

TO THE HONORABLE DISTRICT COURT:

COMES NOW Richard Salazar and moves to suppress fruits of an unlawful arrest, search and seizure and would show the Court as follows:

I.

This motion concerns the warrantless stop of a vehicle being driven by Richard Salazar on the date he was arrested on the charges set forth in the indictment of this cause. Any statement, as well as any evidence obtained from his person or the vehicle, should be in all things suppressed from evidence as having been obtained in violation of the United States Constitution Fourth Amendment Search and Seizure Provision, United States Constitution Fifth Amendment Self-Incrimination Provision, United States Constitution Sixth Amendment Right to Counsel Provision, and United States Constitution Fifth Amendment Due Process Provision.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be in all things granted.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON
804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
FAX (512) 473-8417
Texas Bar Card No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 22 day of May, 2008, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Elizabeth Cottingham
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
WESTERN TEXAS OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | No. A-08-CR-084-SS |
| | § | |
| RICHARD SALAZAR | § § | |

**O R D E R**

Came on this day to be heard, Defendant's Motion to Suppress Warrantless Search. The Court, having read the pleadings, and having heard the evidence and arguments of counsel, finds that the motion has merit and hereby ORDERS that it be GRANTED.

Specifically, the Court finds that the law enforcement agents had no probable cause to detain Defendant. The Court notes that the Defendant was in fact detained as he was not free to leave. All evidence obtained as a result therefore is hereby ordered SUPPRESSED.

Order signed and entered on _____, 2008.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN TEXAS OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | No. A-08-CR-084-SS |
| RICHARD SALAZAR | § | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS
FRUITS OF WARRANTLESS SEARCH AND SEIZURE**

TO THE HONORABLE DISTRICT COURT:

COMES NOW Richard Salazar ("Salazar") and submits this his memorandum of law in support of his motion to suppress fruits of an unlawful arrest, search and seizure and would show the Court as follows:

I. ISSUES PRESENTED

A. THE ARREST AND SEARCH OF THE DEFENDANT IN THIS CASE WAS WARRANTLESS AND THUS PRESUMPTIVELY UNREASONABLE.

B. THERE WAS NO REASONABLE SUSPICION TO MAKE ANY TYPE OF INVESTIGATORY DETENTION OF THE DEFENDANT.

C. THERE WAS NO VALID CONSENT BY THE DEFENDANT TO ANY OF THE ACTIONS OF THE POLICE IN THIS CASE.

D. ALL EVIDENCE, INCLUDING CONTRABAND AND STATEMENTS OBTAINED DURING DEFENDANT'S UNLAWFUL DETENTION IS INADMISSIBLE AGAINST HIM AT TRIAL.

## II. FACTS

Law enforcement officers stopped and detained Salazar because he allegedly failed to signal intent while entering an exit ramp. Under Texas law, a turn signal is required at an intersection, but not at ramps. Prior to the vehicle being stopped, it had allegedly been observed leaving a residence that was under surveillance at the time. An officer requested a "narcotics interdiction traffic stop," and Salazar was stopped for supposedly not signaling intent to enter the exit ramp for United States Highway 183 onto Texas State Highway 71. Following this stop, the arresting officer requested Salazar's intent to search the vehicle, which was granted.

As a result of the search the officers allegedly found several items which the Government may wish to use as evidence in a trial of this case. Because of the illegal search and seizure, the evidence and all fruits thereof should be suppressed.

## III. ARGUMENT

A.  THE ARREST AND SEARCH OF THE DEFENDANT IN THIS CASE WAS WARRANTLESS AND THUS PRESUMPTIVELY UNREASONABLE.

The United States Supreme Court has repeatedly ruled that the warrantless arrest or search and seizure of a person is presumptively unreasonable. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507 (1967). Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022 (1971). Where the arrest or search is warrantless, the burden of proof is upon the government to show

that the search is reasonable. Coolidge, supra. The various legitimate exceptions to the warrant requirement fall into several broad categories.[1]

Although not all arrests made in public require a warrant if based upon a law enforcement officer's on the scene determination of probable cause, there should be a valid statute law allowing the arrest without warrant. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820 (1976). Thus, the government in this case must show that the arrest and subsequent detention of Defendant fits under one of the above exceptions.

B.  THE SEIZURE AND SEARCH OF THE CAR WAS NOT VALID AS BEING INCIDENT TO ARREST.

While a traffic stop for a valid offense, despite a different underlying motivation, is considered acceptable, in this situation, there must be an underlying valid reason to detain an individual. United States v. Causey, 834 F.2d 1179 (5th Cir. 1987). However, there is no valid basis for a traffic stop in this case. There is no indication in the Criminal Complaint that Salazar changed lanes or engaged in any activity that would require the use of a turn signal. Instead, it merely indicates that he entered the exit ramp, which, at the location specified in the Criminal Complaint, is the far right lane of US Highway 183 and furthermore, it becomes the exit only

---

[1] First, there are searches incident to a valid arrest, if there is probable cause to believe that the suspect has committed or is committing an offense. Michigan v. DeFillippo, 443 U.S. 31, 99 S. Ct. 2627 (1979). Second, probable cause combined with an exigent circumstance may support a warrantless search. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642 (1967). Third are inventory searches. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092 (1976). Fourth, consent searches, if voluntary, may be valid without a warrant. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041 (1973). Fifth, stop and frisk type encounters between the police and citizen may proceed without a warrant. Terry v. Ohio, 392 U.S. 88 S.Ct. 1868 (1968). Another exception is plain view discovery if there is a valid search for another reason or an inadvertent discovery. Harris v. United States, 390 U.S. 234 88 S.Ct. 992 (1968). There are exceptions to the warrant requirement such as border searches, and high seas searches that are not pertinent in this case.

lane to Texas Highway 71. Texas Transportation Code §545.104 requires the use of a signal to indicate an intention to turn, change lanes, or start from a parked position. A ramp is also defined by Texas Transportation Code §541.302(10) as an interconnecting roadway of a traffic interchange, or a connecting roadway between highways at different levels or between parallel highways, that allows a vehicle to enter or exit a roadway. The Criminal Complaint does not indicate that Salazar turned, changed lanes, or started from a parked position. The lane his vehicle was already in, the far right lane, became the exit only lane, requiring no turn or changing of lanes on his part. Therefore, as there is no indication that there was an actual turn or changing of lanes, there was no legal requirement to use a signal upon entering the ramp, and there is no legally valid reason to have stopped Salazar's car.

As the stop was not valid, the consent to the search that followed the stop is also not valid. Any and all statements made or items discovered following the invalid stop should therefore be suppressed.

### C. THERE WAS NO VALID CONSENT BY THE DEFENDANT TO ANY OF THE ACTIONS OF THE POLICE IN THIS CASE.

For consent to be valid, it must be voluntary. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041 (1973). United States v. Watson, 423 U.S. 411, 96 S.Ct. 820 (1976). Coercion by the authorities and mere submission to that coercion does not validate a mere statement of consent by the defendant. Amos v. United States, 255 U.S. 313, 41 S.Ct. 266 (1921); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367 (1948); Bumper v. North Carolina, 391 U.S. 543, 391 U.S. 543, 88 S.Ct. 1788 (1968). The burden is on the prosecution to prove that there was a valid waiver of constitutional rights. Bumper, supra. There is a presumption against the waiver of a person's constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938).

Consent is invalid if obtained during an illegal detention such as existed here. See <u>United States v. Mendenhall</u>, 446 U.S. 544, 100 S.Ct. 1870 (1980); <u>Reed v. Georgia</u>, 448 U.S. 151, 100 S.Ct. 2752 (1980). Any statements made by the defendant, as well as the discovery of evidence or controlled substances, is the product of unlawful detention and is inadmissible under <u>Dunaway v. New York</u>, 442 U.S. 200, 99 S.Ct. 2248 (1979).

### D. ALL EVIDENCE, INCLUDING CONTRABAND AND STATEMENTS OBTAINED DURING DEFENDANT'S UNLAWFUL DETENTION IS INADMISSIBLE AGAINST HIM AT TRIAL.

Evidence and confessions obtained as a result of unlawful detention are inadmissible against the accused. <u>Brown v. Illinois</u>, 422 U.S. 590, 95 S.Ct. 2254, <u>Wong Son v. United States</u>, 371 U.S. 471, 83 S.Ct. 407 (1963). <u>Morales v. New York</u>, 396 U.S. 102, 90 S.Ct. 291 (1969). If the accused had been ordered held by a magistrate after a probable cause determination or confessed after such a probable cause determination, then such evidence might be admissible. See <u>Johnson v. Louisiana</u>, 406 U.S. 356, 92 S.Ct. (1972). However, since that is not what happened here, the evidence is inadmissible. In <u>Dunaway v. New York</u>, 442 U.S. 200, 99 S.Ct. 2248 (1979), the Court held that taking the person into custody into the police station for questioning on what amounted to less than probable cause to arrest violated the Fourth Amendment. <u>Terry v. Ohio</u> does not apply to full scale arrests.

Even if the Fifth Amendment is complied with by way of <u>Miranda</u> warnings, confessions obtained such a detention are illegal and inadmissible. The burden is on the prosecution to show the validity not only of the confession but also the arrest. Once the defendant comes forth with proof that the evidence in question is tainted with illegality, the burden shifts to the government to prove that the evidence is untainted. <u>United States v. Webster</u>, 750 F.2d 307 (5th Cir. 1984).

Thus, any statements of the accused, as well as any evidence obtained from her person or the vehicle, should be in all things suppressed from evidence as having been obtained in violation of the United States Constitution Fourth Amendment Search and Seizure Provision, United States Constitution Fifth Amendment Self-Incrimination Provision, United States Constitution Sixth Amendment Right to Counsel Provision, and United States Constitution Fifth Amendment Due Process Provision.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be in all things granted.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON, P.C.
804 Rio Grande
Austin, Texas 78701
(512) 472-8392
FAX (512) 473-8417
Texas Bar Card No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 22 day of May, 2008, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Elizabeth Cottingham
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR